**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| ERASMO DUENAS-MARCHANT, | : | Case No. 1:26-cv-377 |
| Petitioner, | : | Judge Matthew W. McFarland |
| v. | : | |
| HELAINE TASCH, Cincinnati Field Office Director, U.S. Immigration and Customs Enforcement, et al., | : | |
| Respondents. | : | |

## ORDER AND OPINION

This matter is before the Court on Petitioner Erasmo Duenas-Marchant's Petition for Writ of Habeas Corpus (Doc. 1). Respondents filed a Return of Writ (Doc. 5), to which Petitioner filed a Reply (Doc. 7). Respondents also filed a Motion to Dismiss (Doc. 10), to which Petitioner filed a Response in Opposition (Doc. 11). These matters are therefore ripe for the Court's review. For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** and Respondents' Motion to Dismiss (Doc. 10) is **DENIED AS MOOT**.

## FACTS AS ALLEGED

Petitioner is a citizen of Mexico who entered the United States without inspection in 2009. (Petition, Doc. 1, ¶ 31; Record of Deportable/Inadmissible Alien, Doc. 5-1, Pg. ID 64.) Petitioner had previously attempted to enter the United States illegally on three prior occasions, but was detained and permitted to voluntarily return to Mexico each time.

(Record of Deportable/Inadmissible Alien, Doc. 5-1, Pg. ID 64–65.)

On March 1, 2026, Homeland Security agents detained Petitioner following a traffic stop. (Petition, Doc. 1, ¶ 34; Record of Deportable/Inadmissible Alien, Doc. 5-1, Pg. ID 64.) The Department of Homeland Security served Petitioner with a Notice to Appear ("NTA") charging Petitioner as removable for being unlawfully present in the United States and initiating his removal proceedings. (NTA, Doc. 5-2, Pg. ID 66–68.) Petitioner remains in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Butler County Correctional Complex in Hamilton, Ohio, pending his removal. (Petition, Doc. 1, ¶ 33.)

Petitioner requested bond, and the immigration judge denied that request following a hearing on March 16, 2026. (Bond Order, Doc. 5-3, Pg. ID 69–70.) Petitioner appealed the bond denial to the Board of Immigration Appeals ("BIA"), which has not yet rendered a decision. (Appeal Receipt, Doc. 5-4, Pg. ID 71–73.) The immigration judge also ordered Petitioner removed from the United States on May 20, 2026. (Appeal Dismissal, Doc. 12-1, Pg. ID 244–46.) Petitioner appealed that removal order to the BIA, but he later moved to dismiss that appeal, and the BIA granted his motion to dismiss. (*See id.*)

**PROCEDURAL POSTURE**

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) against Respondents, bringing claims for: (1) violation of his Fifth Amendment right to due process, (2) violation of 28 U.S.C. § 2241, (3) violation of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), and (4) violation of the Suspension

Clause. (Petition, Doc. 1, ¶¶ 65–73.) Petitioner alleges that his continued detention without a meaningful opportunity to challenge his confinement via an individualized bond hearing violates these authorities. (*Id.* at ¶¶ 40–73.)

**LAW & ANALYSIS**

The Court's analysis begins and ends with the preliminary question of exhaustion. The doctrine of exhaustion of administrative remedies instructs that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quotation omitted). As this Court has held, an alien petitioner challenging his detention without bond must first exhaust his available administrative remedies. *See Bartolon v. Bondi*, 813 F. Supp. 3d 811, 823–27 (S.D. Ohio 2025). Petitioner appealed his bond determination to the BIA, but he has not received a decision on his appeal. (Appeal Receipt, Doc. 5-4, Pg. ID 71–73.) Petitioner has thus failed to exhaust his administrative remedies, and dismissal is appropriate.

Contrary to Petitioner's arguments, the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) does not displace this analysis. *See Galvez-Luna v. Bullock*, No. 2:26-CV-02939-TLP-ATC, 2026 WL 2533141, at *2 (W.D. Tenn. Aug. 27, 2026). While the Sixth Circuit in *Lopez-Campos* found that aliens detained under 8 U.S.C. § 1226(a) were entitled to a bond hearing, it did not address the preliminary question of exhaustion. *Lopez-Campos*, 175 F.4th at 732–34. And, Petitioner has not demonstrated that exhaustion would be futile. As this Court previously held, futility must be "clear and positive;" it is not enough that Petitioner believes the BIA will reject his arguments or that

existing BIA precedent makes success unlikely. *Bartolon*, 813 F. Supp. 3d at 825–26.

In any event, Petitioner is now subject to an order of removal, which he does not challenge. (Notice, Doc. 12, Pg. ID 242; Appeal Dismissal, Doc. 12-1, Pg. ID 244–46.) Thus, Petitioner is now in post-removal-period detention pursuant to 8 U.S.C. § 1231(a)(2), and the issue of detention without an individualized bond hearing now appears to be moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**;
2) Respondents' Motion to Dismiss (Doc. 10) is **DENIED AS MOOT**; and
3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND